IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WIHC LLC dba ALOHA TOXICOLOGY, | ) | CIVIL NO. 18-00261 JMS-WRP |
| | ) | |
| | ) | FINDINGS AND |
| Plaintiff, | ) | RECOMMENDATION TO DENY |
| | ) | PLAINTIFF'S MOTION TO |
| vs. | ) | ENFORCE OR IN THE |
| | ) | ALTERNATIVE TO RESCIND |
| | ) | SETTLEMENT AND TO GRANT |
| NEXTGEN LABORATORIES, INC., et al., | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANTS' MOTION TO |
| Defendants. | ) | ENFORCE SETTLEMENT |
| | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION TO ENFORCE OR IN THE ALTERNATIVE TO RESCIND
SETTLEMENT AND TO GRANT IN PART AND DENY IN PART
DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

Two motions related to the parties' settlement are before the Court.

Plaintiff WIHC LLC dba Aloha Toxicology filed its Motion to Enforce or in the

Alternative to Rescind Settlement on April 23, 2020.  See ECF No. 261.

Defendants NextGen Laboratories, Inc. and Ohana Genetics, Inc. (collectively

NextGen) filed their Opposition on May 18, 2020.  See ECF No. 264.  Defendants

Heidi Maki and Stephanie Simbulan (Individual Defendants) also filed their

Opposition on May 18, 2020.  See ECF No. 267.  Plaintiff filed its Reply on June

1, 2020.  See ECF No. 269.  In this Motion, Plaintiff argues for relief based upon

NextGen's post-settlement conduct of recording several liens against its own

1

corporate assets, and negatively impacting of value of these assets, pledged as security for the settlement payments due to Plaintiff.

NextGen also filed a Motion to Enforce Settlement on April 24, 2020. See ECF No. 262. The Individual Defendants filed a Joinder in Support of NextGen's Motion to Enforce Settlement on May 18, 2020. See ECF No. 266. Plaintiff filed its Opposition on May 18, 2020. See ECF No. 264. NextGen filed a Reply on June 1, 2020. See ECF No. 268.

The Court finds the motions suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. The Court takes judicial notice of the settlement on the record. Based on this Court's knowledge of past settlement conferences held by this Court, careful consideration of the Motions, and the record in this action, the Court FINDS AND RECOMMENDS that the Court DENY Plaintiff's Motion to Enforce or in the Alternative to Rescind Settlement and GRANT IN PART AND DENY IN PART NextGen's Motion to Enforce Settlement and the Joinder thereto as follows.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

## BACKGROUND

Plaintiff filed this action on July 7, 2019.  See ECF No. 1.  Plaintiff generally alleges in its Second Amended Complaint that, from November 2017 to June 2018, the Individual Defendants were working as agents for their next employer, NextGen, while simultaneously continuing to work for their current employer, Plaintiff.  See ECF No. 110.  Plaintiff alleges that the Individual Defendants then misappropriated confidential client information and trade secrets to benefit NextGen and themselves.  See id.

Plaintiff brought the following claims against all Defendants: (1) violation of the Defend Trade Secrets Act; (2) violation of the Hawaii Uniform Trade Secrets Act; (3) violation of the Racketeer Influenced and Corrupt Organizations Act; (4) unfair competition; and (5) tortious interference with business relations.  See id.  Plaintiff brought two additional claims against the Individual Defendants for breach of the duty of loyalty and unjust enrichment, as well as one claim of conversion against Defendant Maki only.  See id.  On June 28, 2019, the Court dismissed with prejudice the claims for unfair competition and tortious interference with business relations.  See ECF No. 142.  On September 30, 2019, the Court dismissed without prejudice the claim for breach of duty of loyalty.  See ECF No. 185.

On January 16, 2020, the Court held a Settlement Conference, and, on

the same day, the parties placed a Settlement on the Record.  See ECF No. 255.

Mr. Joseph Del Signore, the sole owner of NextGen and its parent company,

Gordian Medical, participated in the settlement discussions and was present for the

settlement on the record.  During the settlement on the record, the parties recited

and confirmed the essential terms of the settlement.  See id.  The Court found that

there was a valid and enforceable settlement agreement based upon the

representations of counsel.  See id.  The Court asked if there was anything else that

the parties wanted to place on the record and the parties responded in the negative.

See ECF No. 262-4.

        For purposes of these Motions, the settlement terms placed on the

record are referred to as "the Settlement Agreement."  The Settlement Agreement

used broad, clear language to explain the essential terms agreed to by the parties.

See id.  Specifically, the Settlement Agreement provided in its payment provisions

that: (1) a total of $4.5 million would be paid to Plaintiff primarily from NextGen;

(2) for the portion of the settlement payment coming from NextGen, $500,000

would be paid initially and the remainder would be paid over 18 monthly

installments; and (3) for the portion of the payment coming from NextGen, (a)

Plaintiff further would be able to file a UCC security interest against NextGen's

listed assets *and* (b) Mr. Joseph Del Signore, the sole owner of NextGen and its

parent company, Gordian Medical,  would personally guarantee the amount.[2]  See id.

In April 2020, counsel for Plaintiff contacted the Court by letter regarding alleged breaches of the Settlement Agreement by NextGen.  See ECF No. 260.  The Court issued an Electronic Order reiterating that the parties had reached a valid and enforceable settlement and, if necessary, the parties should file appropriate motions to enforce settlement.  See id.  The present Motions followed.

In its Motion, Plaintiff states that NextGen's parent company, Gordian Medical, took out loans and caused a number of liens to be recorded against NextGen's assets shortly *after* the settlement was placed on the record.  See ECF No. 261-1 at 2-3.  Again, Del Signore, who participated in the settlement negotiations and the Settlement Agreement as the sole owner of NextGen, is also the sole owner of NextGen's parent company, Gordian Medical, that caused these liens to be recorded.  Because Plaintiff contends that the liens caused by Gordian

_____

[2] The settlement placed on the record will govern the Court's analysis in this Findings and Recommendation.  The Court also mediated the settlement and has an independent memory of the representations made during settlement negotiations.

Here, during settlement negotiations, NextGen and Del Signore unquestionably discussed NextGen's assets.  They discussed that the future of NextGen's business and uncertainty of the Hawaii market, how the assets substantially exceeded the amount NextGen agreed to pay in settlement, and they agreed to put forward Plaintiff's proposed security interest in those assets and Del Signore's personal guarantee to mitigate any risk of Plaintiff's ability to collect on the settlement payments due from NextGen and NextGen's insolvency.

Medical have priority over the its proposed security interest and render NextGen's assets worthless, Plaintiff asks the Court to order NextGen to provide unencumbered security for the settlement amount. See id. at 3. In the alternative, Plaintiff seeks rescission of the Settlement Agreement based on bad faith and fraudulent inducement. See id. at 4.

NextGen joined by the Individual Defendants, on the other hand, move the Court to enforce the Settlement Agreement as stated on the record, arguing that Plaintiff seeks to make material changes and add terms to the Settlement Agreement. See ECF No. 262-1 at 3. They argue that Plaintiff seeks to add: non-parties to the lawsuit as parties to the Settlement Agreement; a promissory note; new representations regarding the security interest and value of NextGen's assets; and a characterization that the settlement is conditional. See id. at 6.

Both sides seek attorneys' fees for bringing the present Motions based upon different theories discussed below.

DISCUSSION

### A. The Settlement Agreement is Valid and Enforceable

It is "well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." City Equities Anaheim, Ltd. v. Lincoln Plaza Dev.

6

Co., 22 F.3d 954, 957 (9th Cir. 1994) (citation omitted); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  "[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract." Adams v. Johns–Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989).  Federal courts apply state contract law principles when enforcing settlement agreements.  See O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004); see also Boskoff v. Yano, 217 F. Supp. 2d 1077, 1085 (D. Haw. 2001) (applying Hawaii contract law to a motion to enforce a settlement).  As is the case in many jurisdictions, Hawaii law "favors the resolution of controversies through compromise or settlement rather than by litigation." State Farm Fire & Cas. Co. v. Pacific Rent–All, Inc., 978 P.2d 753, 761 (Haw. 1999); Boskoff, 217 F. Supp. 2d at 1085.

A district court may only enforce *complete* settlement agreements. See Callie, 829 F.2d at 890 (emphasis added).  A complete settlement agreement requires agreement on all "material terms" and "the intent of the parties to bind themselves." Id. at 891; see also Carson v. Saito, 489 P.2d 636, 638 (Haw. 1971) ("There must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract." (quoting Honolulu Rapid Transit Co. v. Paschoal, 449 P.2d 123, 127 (Haw. 1968)).

A term is "essential" where "the term is integral to the contract itself[.]" Kaiaokamalie v. Matson Terminals, Inc., No. CV 13-00383 JMS-RLP,

7

2016 WL11407765, at *3 (D. Haw. June 20, 2016) (citations and internal quotation marks omitted), *as modified*, No. CV 13-00383 JMS-RLP, 2016 WL 7476336 (D. Haw. Dec. 29, 2016).  Whether a term is "essential" does not depend on one party's subjective view – "where the parties dispute whether a contractual term is a material or essential term in the contract, it is not enough that 'one of the parties views the term as 'essential' to inducing his or her assent[.]'"  Id.  "A settlement agreement is not invalid because certain details are not worked out, where such details are not essential to the proposal and do not change its terms or purpose."  Assocs. Fin. Servs. Co. of Haw., Inc. v. Mijo, 950 P.2d 1219, 1232 (Haw. 1998).

        "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."  Callie, 829 F.2d at 890.  However, when the parties have placed their settlement on the record in court, the Ninth Circuit has held that "there was no need for an evidentiary hearing on whether an agreement existed, or what its terms were."  Doi v. Halekulani Corp., 276 F.3d 1131, 1139 (9th Cir. 2002).

        Here, the parties do not dispute the validity of the contract formation or the parties' intent to be bound by the settlement.  See ECF Nos. 261-1, 262-1.  After the terms of the settlement were placed on the record, the Court determined "that the parties have entered into a valid and enforceable settlement" based on those terms.  ECF No. 255.  Therefore, the Court finds that an evidentiary hearing

8

is not necessary to determine whether an agreement existed or its essential terms. See Doi, 276 F.3d at 1139.

Because a valid and enforceable agreement exists, the Court must next interpret the provisions at issue in the Settlement Agreement.  Under Hawaii law, when interpreting a written agreement[3], "courts should not draw inferences . . . regarding the parties' intent when the [agreement] is definite and unambiguous." State Farm Fire & Cas. Co., 978 P.2d at 762.  The court must "look no further than the four corners of the document to determine whether an ambiguity exists."  Id. "A contract is ambiguous when the terms of the contract are reasonably susceptible to more than one meaning."  Airgo, Inc. v. Horizon Cargo Transport Inc., 670 P.2d 1277, 1280 (Haw. 1983) (citations omitted).

### 1.  The Payment Provision is Not Ambiguous

Contract terms should be interpreted according to their plain, ordinary meaning and accepted use in common speech.  See Amfac, Inc. v. Waikiki Beachcomber Inv. Corp., 839 P.2d 10, 24 (Haw. 1992).  The payment provision of the Settlement Agreement is not ambiguous.  It sets out the settlement amount, a payment schedule, a security interest in NextGen's corporate assets, and Del Signore's personal guarantee.

---

[3] The Court memorialized the settlement placed on the record and the Settlement Agreement has the full force and mutual obligation of a written agreement signed by the parties.

The payment provision of the Settlement Agreement provides that:

> [t]he portion coming from Ohana and NextGen, $500,000 will be paid initially within 30 days of the execution of the settlement agreement with the remaining $3,635,000.00 to be paid in 18 even installments commencing 30 days thereafter on a monthly basis. . . . As to the portion of the settlement to be provided by Ohana and NextGen, which is being paid over a period of 18 months[, and]
>
> [t]here will be the ability to file a security agreement UCC statement as to NextGen's listed assets, as well as a personal guarant[ee] from Mr. Joseph Del Signore as to that sum.

See ECF No. 262-4 at 1.  Plaintiff requests that the Court add terms to the payment provisions of the Settlement Agreement and, in the alternative, Plaintiff requests that the Court deem certain terms as implied conditions precedent entering into to the Settlement Agreement.  Neither is supported by the law.

### a. Plaintiff cannot add terms to the Settlement Agreement

First, Plaintiff seeks to add several key terms to the Settlement Agreement: (i) a security agreement with first priority; (ii) a promissory note from Del Signore; and (iii) a representation as to the value of NextGen's assets.  See ECF No. 265 at 10; ECF No. 262-1 at 13-14.  Plaintiff does not dispute that these are new terms or modifications to existing terms that do not appear in the Settlement Agreement.

The Court, however, finds that the payment provisions of the

10

Settlement Agreement as written are not ambiguous.  Plaintiff seeks to add additional language and or modifications to the terms stated on the record.  The Court declines to enforce provisions not explicitly within the four corners of the Settlement Agreement or to read in clarifying language to unambiguous terms. The onus is on the parties to ensure that all material terms are placed on the record.

The plain, unambiguous language of the security interest provision states that Plaintiff will be able to file a UCC security interest against NextGen's listed assets.  See ECF No. 262-4 at 1.  It does not require that the security agreement be given priority, that NextGen's assets must be unencumbered, or that NextGen must make a representation regarding the fair market value of its assets or Del Signore's personal financial position.  See id.  The Court finds that Plaintiff had ample opportunity to discuss and negotiate these additional terms or modifications prior to entering into the Settlement Agreement.  The Court also finds that Plaintiff had the opportunity to include additional language from settlement discussions on the record to further clarify these terms and they declined.

Although Plaintiff may have intended to include these terms in the Settlement Agreement, Plaintiff's unexpressed intentions are nugatory.  See Standard Mgmt., Inc. v. Kekona, 53 P.3d 264, 273 (Haw. App. 2001) (holding that "the purely subjective, or secret, intent of a party in assenting is irrelevant in an

inquiry into the contractual intent of the parties"). The Court finds that Plaintiff's proposed additional terms should not be added post-settlement. Also, rejecting Plaintiff's proposed additional terms "will not frustrate the enforceability of a settlement agreement nor the fact that it remains binding upon the agreeing parties." Miller v. Goko Rest. Enterprises, CV 11–00671 JMS–BMK, 2013 WL 1568516, at *4 (D. Haw. Mar. 20, 2013); see also Doi, 276 F.3d at 1141 (holding that a negotiated settlement agreement announced in court becomes binding even if a party has a change of heart after agreeing to its terms).

### b. The Court Finds No Implied Conditions Precedent in the Settlement Agreement

Next, Plaintiff argues that the Court should now order NextGen to provide an unencumbered security interest in an amount equal to the settlement payments as an "obvious" condition precedent to the Settlement Agreement because the value of NextGen's assets could be nominal, especially given the number of liens taken out on NextGen's assets and Del Signore's previously undisclosed bankruptcy. See ECF No. 261-1 at 6. Plaintiff characterizes this term and other related terms as "conditions precedent" to entering into the Settlement Agreement. See id. Plaintiff argues that its security interest in NextGen's listed assets must be read as a security interest *in unencumbered property in an amount equal to the settlement amount*. Without implying the condition precedent (italicized above), Plaintiff contends that the proposed security interest does not

carry the effect contemplated by the parties during settlement negotiations and NextGen could render the payment provisions of the Settlement Agreement near meaningless shortly after the settlement.  See id.; see also ECF No. 269 at 3.

Conditions precedent "are not favored and an intent to create a condition must appear expressly or by clear implication in the agreement." Lexington Ins. Co. v. Centex Homes, 795 F. Supp. 2d 1084, 1095 (D. Haw. 2011) (quoting In re Spirtos, 154 B.R. 550, 555 (9th Cir. BAP 1993)); see also In re Bubble Up Delaware, Inc., 684 F.2d 1259, 1264 (9th Cir. 1982) ("Conditions precedent are not favored and the courts will not construe stipulations as conditions unless required to do so by plain, unambiguous language.").  Here, to the extent that Plaintiff seeks to add or modify terms in the Settlement Agreement, Plaintiff may not add conditions precedent *after* the settlement was placed on the record. See ECF No 268 at 3-4.  Plaintiff's conditions precedent do not appear expressly in the Settlement Agreement.  See ECF No. 262-4.  The Court again finds that Plaintiff may not improperly add or modify terms to the Settlement Agreement by calling them conditions precedent.

Plaintiff's stronger argument is that the Court should find that these conditions precedent were implied given the settlement discussions underlying the payment provisions of the Settlement Agreement.  "A condition may be implied by the court, irrespective of the parties' intent, if necessary to determine the parties'

13

rights and duties." <u>Lexington Ins. Co.</u>, 795 F. Supp. 2d at 1095. Plaintiff argues that it is "obvious" that Plaintiff would not accept worthless collateral to secure the settlement amount. The Court finds that it is similarly foreseeable that NextGen's assets would be subject to encumbrances as part of its ongoing business and the parties could have addressed that as a term of the Settlement Agreement. <u>See</u> ECF No. 269 at 6. The proposed provision of a security interest on unencumbered property in an amount equal to the settlement amount is not essential because it is not necessary to determine the parties' rights and duties. The plain language of the Settlement Agreement is sufficient to determine the parties' rights and duties. Given the foregoing, the Court finds that the Settlement Agreement is valid and enforceable and that this Court can order specific performance in accordance with the terms set forth in the Settlement Agreement.

        The Court recalls, and Plaintiff accurately represents, that NextGen introduced the security interest in NextGen's assets as a proposed term of the settlement to mitigate the risk of NextGen's failure to pay the settlement amount and remain solvent during the term of payment schedule. Similarly, NextGen proposed Del Signore's personal guarantee to mitigate the settlement risk to Plaintiff. The Court finds that the security interest and Del Signore's personal guarantee terms work in tandem. Without Del Signore's personal guarantee as the sole owner of Gordian Medical, the Court may have found differently on the issue

14

of implied condition precedent.

## B. Rescission is Not Appropriate

In the alternative to enforcing additional terms to the Settlement Agreement, Plaintiffs request rescission of the Agreement. However, post-settlement liens on secured property do not necessarily warrant rescission of the Settlement Agreement unless there is bad faith or fraud. "Under Hawaii law, '[w]here the evidence in the record shows that all the essential elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission.'" Edwards v. Trade Pub. Ltd., CIV. 12–00023 SOM, 2013 WL 1296277, at *3 (D. Haw. Mar. 27, 2013) (quoting Miller v. Manuel, 828 P.2d 286, 291 (App. 1991)). "Hawaii courts have stated that, 'in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it.'" Id. (quoting Miller, 828 P.2d at 291).

### 1. Bad Faith

Plaintiff argues that Mr. Del Signore recorded post-settlement liens on NextGen's assets in bad faith in an attempt to default on settlement payments. See ECF No 269 at 3. Plaintiff argues that the five liens that were recorded against Nextgen's assets in February 2020, one month after the parties had reached settlement. See ECF No. 261-1 at 6. The post-settlement liens derived from loans

15

taken out by Gordian Medical, NextGen's parent company solely owned by Del Signore.  See ECF No. 265 at 21.  The proximity to the date of settlement and Del Signore's personal participation in the settlement discussions support Plaintiff's argument of bad faith.

NextGen states that the liens relate to short-term financing that Gordian Medical obtained as part of its ongoing business operations.  See id. at 22. NextGen argues that Gordian Medical provides security for credit with blanket security agreements.  See id.  NextGen explains that the blanket security agreements "inadvertently" led to tax liens on NextGen assets.  ECF No 262-1 at 17.  NextGen contends that this practice is a financing event conducted in the ordinary course of business and unrelated to the settlement.  See id.

The Court finds that the liens were not taken out in bad faith.  Plaintiff has provided no evidence, other than the timing of the liens, to support the claim that the liens were taken out in bad faith.  Moreover, the Settlement Agreement does not provide that NextGen's listed assets must remain unencumbered or that NextGen may not take out short-term financing as part of its ongoing business operations.  See ECF No. 262-4.  Given the clear language of the Settlement Agreement and NextGen's explanations, the Court finds that there was no bad faith underlying Gordian Medical's loans also secured by NextGen assets or the resulting liens recorded.

Plaintiff next argues that the recorded liens render NextGen's assets worthless.  <u>See</u> ECF No 261-1 at 5-6.  The Court disagrees.  Plaintiff also sought the personal guarantee from Del Signore and, again, the Court finds that these terms work in concert.  <u>See</u> ECF No. 262-1 at 14.  Plaintiff insisted upon the security interest in NextGen's assets ***and*** Del Signore's personal guarantee as a belt and suspenders approach to protect against a scenario where the market value of NextGen's assets may not be sufficient to satisfy NextGen's obligations under the Settlement Agreement.

NextGen further represents that Gordian Medical's current market value is "substantially in excess" of the settlement amount and that Del Signore's ownership of Gordian Medical provides assets sufficient to satisfy his personal guarantee of the settlement amount.  <u>See</u> ECF No. 262-3 ¶ 12.  Del Signore's personal guarantee would allow Plaintiff to execute on Del Signore's personal shares of Gordian Medical after obtaining judgment against him.  <u>See</u> ECF No. 262-1 at 16.  As the sole owner of Gordian Medical, any amount Gordian Medical gained from a financing event secured by NextGen's assets would be attributable to Del Signore personally and implicate his personal guarantee.  The Court finds that the parties intended for the secured interest and personal guarantee terms of the Settlement Agreement to work together to mitigate risk and they do so here.

Accordingly, the Court finds that NextGen did not act in bad faith in

taking out liens against NextGen's assets and Plaintiff is not entitled to rescission.

## 2.  Fraud in the Inducement

Plaintiff next argues that the Settlement Agreement should be rescinded because Plaintiff was fraudulently induced into entering the Settlement Agreement.  See ECF No. 261-2 at 8.  To constitute fraudulent inducement sufficient to invalidate the terms of a contract, there must be: (1) a representation of a material fact; (2) made for the purpose of inducing the other party to act; (3) known to be false but reasonably believed true by the other party; and (4) upon which the other party relies and acts to his or her damage.  See Hawaii Community Federal Credit Union v. Keka, 11 P.3d 1, 18 (Haw. 2000).  Again, because the recorded liens came so closely followed the date of the settlement and Del Signore's participation in settlement discussions, the Court must conduct an inquiry into Plaintiff's allegation of fraudulent inducement.

Here, Plaintiff argues that the security interest in NextGen's listed assets and Del Signore's personal guarantee were fraudulent inducements for Plaintiff to agree to the settlement.  See ECF No. 261-1 at 5.  As to the first element, Plaintiff alleges that NextGen made representations during the settlement discussions that they would provide Plaintiff with a security interest in NextGen's assets in an amount sufficient to cover the settlement amount and that Del Signore promised to personally guarantee the settlement amount.  See id. at 8.  As to the

18

second element, Plaintiff contends that these representations were made for the purpose of inducing Plaintiff into settlement.  See id.  As to the third element, Plaintiff argues that NextGen was aware of and failed to disclose liens on NextGen's assets and Del Signore's prior bankruptcy at the time NextGen made its representations.  See id. at 8-9.  Finally, as to the fourth element, Plaintiff argues that it relied on NextGen's representations to Plaintiff's detriment. See id. at 9.

The Court finds that Plaintiff has not shown that NextGen made representations known to be false at the time.  Plaintiff states that NextGen made representations that it would provide Plaintiff with a security agreement and that Del Signore would personally guarantee the settlement amount.  See ECF No. 261-1 at 8.  These were not false representations.

NextGen does not dispute its obligation to comply with the payment provisions of the Settlement Agreement.  See ECF No. 265 at 12.  NextGen contends that it is willing and able to execute on the payment provisions.  See id. Within the four corners of the Settlement Agreement[4], NextGen did not make representations about the value of NextGen's assets or the security of the interest in NextGen's assets relative to the settlement amount.  See id. at 14; ECF No. 262-1

---

[4] NextGen, in fact, did discuss the value of NextGen's listed assets relative to the settlement amount during negotiations.  However, the Settlement Agreement language governs unless the Court finds that a term or terms is ambiguous.  The Court did not here.

at 14.  Similarly, in the Settlement Agreement, NextGen did not make

representations regarding Del Signore's financial health.  See ECF No. 265 at 14;

ECF No. 262-1 at 14.

A party's representations in settlement discussions that are ultimately

not in the Settlement Agreement do not constitute fraudulent inducement.  Plaintiff

could have incorporated statements made by NextGen during settlement

negotiations into provisions of the Settlement Agreement.  Plaintiff could have

insisted upon additional or modified language in the Settlement Agreement based

upon settlement discussions, the value of NextGen's listed assets and Del

Signore's personal guarantee.  Accordingly, the Court finds that NextGen did not

fraudulently induce Plaintiff into the Settlement Agreement.

Although Plaintiff argues to the contrary, it was not a false

representation for NextGen not to be forthcoming with information about the liens

and Del Signore's prior bankruptcy.  Hawaii follows the Restatement (Second) of

Torts, which provides that the non-disclosure of a fact constitutes an affirmative

misrepresentation when there was a duty to exercise reasonable care to disclose

that fact.  See Skyline Zipline Glob., LLC v. Domeck, No. CIV. 12-00450 JMS,

2013 WL 1103084, at *9 (D. Haw. Mar. 15, 2013) (quoting Restatement (Second)

of Torts § 551).  There are four instances when this duty applies: (1) where

disclosure of the fact is necessary to prevent some previous assertion from being a

misrepresentation or from being fraudulent or material; (2) where disclosure of the fact would correct a mistake of the other party as to a basic assumption on which that party is making the contract and if non-disclosure of the fact amounts to a failure to act in good faith; (3) where disclosure of the fact would correct a mistake of the other party as to the contents or effect of a writing; and (4) where the other person is entitled to know the fact because of a relation of trust and confidence between them.  See Restatement (Second) of Contracts § 161, *When Non-Disclosure Is Equivalent to an Assertion* (1981).

Here, none of these instances apply and therefore NextGen did not have a duty to disclose the information at issue.  NextGen did not make a previous assertion regarding liens or the financial health of Del Signore.  Plaintiff does not argue that disclosure of that information would correct a mistake as to a basic assumption that Plaintiff was relying on or as to the contents or effects of a writing. There is no evidence of a relationship of trust and confidence between Plaintiff and NextGen that would warrant disclosure of liens or the financial health of Del Signore.  Accordingly, the Court finds that NextGen's non-disclosure did not amount to an affirmative misrepresentation. Thus, it was not a false representation for NextGen not to disclose the information regarding the liens or Del Signore's financial health.

Because Plaintiff cannot show that NextGen made a false

representation, the Court finds that Plaintiff was not fraudulently induced into entering the Settlement Agreement and Plaintiff is not entitled to rescission of the Agreement.

### C. Attorney's Fees

Plaintiff requests that the Court exercise its inherent powers and sanction Defendants for their bad faith conduct Defendants to pay Plaintiff's attorneys' fees and costs incurred in bringing its Motion.  See ECF No. 261-1 at 9. A district court's enforcement power includes the authority to award damages for failure to comply with a settlement agreement.  See TNT Marketing, Inc. v. Agresti, 796 F .2d 276, 278 (9th Cir.1986).  Inherent-power sanctions must "be preceded by a finding of bad faith, or conduct tantamount to bad faith."  Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).  As discussed above, the Court finds that NextGen ultimately did not act in bad faith.  Accordingly, an award of attorneys' fees and costs as a sanction against NextGen for their alleged bad faith conduct is not warranted.

NextGen also seeks its attorneys' fees under HRS Section 607-14.5. See ECF No. 262-1 at 10.  Section 607-14.5 allows a court to grant a party an award of attorneys' fees when it finds that all or a portion of the opposing party's claim was frivolous.  See Haw. Rev. Stat. § 607-14.5.  "A frivolous claim is a 'claim so manifestly and palpably without merit, so as to indicate bad faith on the

[pleader's] part such that argument to the court was not required.'"  Tagupa v. VIPDesk, 353 P.3d 1010, 1021 (Haw. 2015) (quoting Coll v. McCarthy, 804 P.2d 881, 887 (Haw. 1991)).  "A finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith."  Id.  NextGen argues that Plaintiff's conduct is not supported by the settlement on the record or Hawaii law and, therefore, is "frivolous and . . . not reasonably supported by the facts."  ECF No. 268 at 10.  The Court finds, as set forth in several sections above, that Plaintiff's allegations in the Motions were not frivolous and were worthy of the inquiry and discussion herein.  Accordingly, the Court finds that NextGen is not entitled to fees and costs under Section 607-14.5.

To the extent that NextGen argues that these Motions were 'contractual in nature' and seeks attorneys' fees under other grounds, the Court denies that request as well because the Motions were not "actions" in the nature of assumpsit.  Here, by using the phrase "contractual in nature", a court could interpret NextGen's argument also under HRS Section 607-14, which provides for an attorneys' fees award in "all *actions* in the nature of assumpsit."  Haw. Rev. Stat. § 607-14 (emphasis added); see also ECF No. 262-1 at 10.  The Motions filed here are "proceedings", not "actions."  See Leslie v. Estate of Tavares, 994 P.2d 1047, 1050 (Haw. 2000).  "The term 'proceeding' is broader than the word 'action.'"  Id. (citing In re Application of Kaye, 515 A.2d 1311, 1313 (N.J. Super.

23

L. 1986)).  "As ordinarily used, it is broad enough to include all methods of invoking the action of courts and is generally applicable to any step taken to obtain the interposition or action of a court."  Id. (citing Hill v. Martin, 296 U.S. 393, 403 (1935)).  See id.  The Court finds that these Motions are not "actions" on a contract as required under HRS § 607-14.  Thus, the Court finds that NextGen is not entitled to fees and costs under HRS § 607-14.

## CONCLUSION

As discussed above, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion to Enforce or in the Alternative to Rescind Settlement and GRANT IN PART AND DENY IN PART Defendants' Motion to Enforce Settlement and Joinder thereto as follows:

1.  FIND that the parties entered into a valid on enforceable agreement, that the payment provision of the agreement is plain and unambiguous;

2. ORDER that the settlement terms stated on the record on January 16, 2020 be enforced;

3. DENY Plaintiff's request to award attorneys' fees; and

4. DENY Defendants' request to award attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 30, 2020.



Wes Reber Porter
United States Magistrate Judge

WIHC LLC dba Aloha Toxicology v. NextGen Laboratories, Inc., et al.; Civil No. 18-00261 JMS-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO ENFORCE OR IN THE ALTERNATIVE TO RESCIND SETTLEMENT AND TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO ENFORCE SETTLEMENT